NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000747
30-OCT-2019
08:13 AM**

NO. CAAP-18-0000747

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


ERIC RICHARD ELESON, Petitioner-Appellant,
v.
STATE OF HAWAIʻI, Respondent-Appellee


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. S.P.P. 18-1-0002)


SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Leonard and Hiraoka, JJ.)

Petitioner-Appellant Eric Richard Eleson (**Eleson**) appeals from the Findings of Fact, Conclusions of Law, and Judgment Denying Rule 40 Petition for Post-Conviction Relief (**Judgment**) entered by the Circuit Court of the Second Circuit (**Circuit Court**)[1] on August 30, 2018. For the reasons explained below, we affirm the Judgment.

**I.**

On April 24, 1984, Eleson pled guilty to one count of Sexual Abuse in the First Degree and two counts of Bail Jumping in the First Degree. He was sentenced to concurrent five-year prison terms on each count. He served his sentence. However, his conviction was apparently used to enhance the punishment of his 1995 California conviction for Lewd or Lascivious Acts in violation of Cal. Penal Code § 288(a), for which he was sentenced to 85 years to life. See Eleson v. Lizarraga, No. 1:15-cv-00008, 2015 WL 3869594, at *1 (E.D. Cal. June 23, 2015).

---

[1] The Honorable Peter T. Cahill presided.

On March 14, 2018, Eleson filed a petition for writ of habeus corpus in the Circuit Court. The Circuit Court treated Eleson's petition as a non-conforming Hawai'i Rules of Penal Procedure (**HRPP**) Rule 40 petition for post-conviction relief. On August 30, 2018, the Circuit Court entered the Judgment, which denied Eleson's petition without a hearing. This appeal followed.

## II.

HRPP Rule 40 (eff. 2006) provides, in relevant part:

> **(f) Hearings.** . . . [T]he court may deny a hearing if the petitioner's claim is patently frivolous and is without trace of support either in the record or from other evidence submitted by the petitioner. . . .

> **(g) Disposition.**

> . . . .

> (2)   AGAINST THE PETITIONER. The court may dismiss a petition at any time upon finding the petition is patently frivolous, the issues have been previously raised and ruled upon, or the issues were waived. The court may deny a petition upon determining the allegations and arguments have no merit.

A circuit court's denial of an HRPP Rule 40 petition without a hearing based on no showing of a colorable claim is reviewed de novo to determine whether the circuit court's ruling was right or wrong. Maddox v. State, 141 Hawai'i 196, 202, 407 P.3d 152, 158 (2017) (citation omitted).

Eleson first contends that the circuit court in which he pled guilty in 1984 lacked subject matter jurisdiction because:

> NONE of the alleged GOVERNORS or LT. GOVERNOR'S of STATE OF HAWAII (1959 to 1989) EVER SUBSCRIBED to the required Oath of Office, as REQUIRED by Article 16, §4, of the (alleged) Constitution - State of Hawaii. In Hawaii the COUNTY PROSECUTOR(s) obtain their authority from the ATTORNEY GENERAL, and since there was NO VALID Governor or Lt. Governor to Appoint the Attorney General, the alleged conviction is VOID for lack of Subject Matter & Personum [sic] Jurisdiction.

To support his argument, Eleson submitted a copy of a certification from the state archivist that "Oaths of Office

signed by Governors and Lieutenant Governors, State of Hawaii, are not on file in the STATE ARCHIVES[.]" The Circuit Court concluded:

> Eleson has failed to adequately establish that Former-Governor Ariyoshi did not sign an Oath of Office. The mere assertion that documents are not in the State Archives, without more, does not mean that those documents never existed. Further, this Court recognizes that the State comptroller has sole authority over the disposition of aged government records pursuant to Hawai'i Revised Statutes § 94-3 (effective on June 5, 1984 as Act 258, Haw. Sess. L. 1984).

The Circuit Court did not err. Hawaii Revised Statutes (**HRS**) § 94-3(a) (Supp. 2017) provides:

> Each public officer, except public officers of the judiciary and the legislative branch of government, having the care and custody of any government records shall submit to the state comptroller a list of records for disposition authorization, which shall include the name of the office, department, or bureau, the description of the records for disposal, the inclusive dates of the records, and the retention period. <u>The comptroller shall determine the disposition of the records</u>; stating whether the records should be retained by the office, department, or bureau; be transferred to the state archives, or other agency; or be destroyed. <u>The comptroller shall have full power of disposal of all records submitted for this purpose</u>. The disposition authorization of all records, including lists submitted by the public officers, and the action taken by the comptroller, shall be kept on proper forms, specified by the comptroller, one copy of which shall be filed in the office, department, or bureau where the records originated, one copy shall be filed in the office of the attorney general, and the original shall be filed in the state archives.

(underscoring added). Eleson's contention that the circuit court lacked jurisdiction over his guilty plea and sentencing because Governor Ariyoshi (who was governor when Eleson pled guilty and was sentenced) did not sign an oath of office is without merit.

Eleson also contends that the United States never legally acquired the Republic of Hawai'i because the "'Joint Resolution' (Newland's [sic] Resolution)" failed, and therefore his conviction was void. The Circuit Court disagreed, relying on <u>Corboy v. Louie</u>, 128 Hawai'i 89, 283 P.3d 695 (2011) and <u>Trustees of the Office of Hawaiian Affairs v. Yamasaki</u>, 69 Haw. 154, 737 P.2d 446 (1987), and found Eleson's "unverified allegations of vote miscalculations and fraud to be without merit and patently

frivolous[.]"  The Circuit Court did not err.  The Hawai'i
Supreme Court has recognized that

> the Republic [of Hawai'i] ceded and transferred to the
> United States the absolute fee and ownership of all public,
> Government, or Crown lands belonging to the Government of
> the Hawaiian Islands, together with every right and
> appurtenance thereunto appertaining. . . .
>
> Congress then passed the Organic Act, . . . which provided a
> government for the territory of Hawaii [Hawai'i] and defined
> the political structure and powers of the newly established
> Territorial Government.

Corboy, 128 Hawai'i at 91-92, 283 P.3d at 697-98 (cleaned up).
The Findings of Fact, Conclusions of Law, and Judgment Denying
Rule 40 Petition for Post-Conviction Relief entered by the
Circuit Court of the Second Circuit on August 30, 2018, is
affirmed.

DATED: Honolulu, Hawai'i, October 30, 2019.

On the briefs:

Eric Richard Eleson,
Self-Represented
Petitioner-Appellant.

Peter A. Hanano,
Deputy Prosecuting Attorney,
for Respondent-Appellee.

Chief Judge

Associate Judge

Associate Judge